Joseph M. Coleman
State Bar No. 0456610
Vienna Flores
State Bar No. 24091225
**KANE RUSSELL COLEMAN LOGAN PC**
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jcoleman@krcl.com

**COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VALUEPART, INCORPORATED | § | Case No. 16-34169-HDH-11 |
| | § | Chapter 11 |
| Debtor. | § | |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE IN OPPOSITION TO USCO S.p.A.'S MOTION FOR TEMPORARY ALLOWANCE OF CLAIM NO. 124 UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018(a)

The Official Committee of Unsecured Creditors (the **"Committee"**) for ValuePart, Incorporated (the **"Debtor"**) files this *Response in Opposition to USCO S.p.A's Motion for Temporary Allowance of Claim No. 124 under Federal Rule of Bankruptcy Procedure 3018(a)* (the **"Response"**) and would respectfully show the Court as follows:

### I.
### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**THE COMMITTEE'S RESPONSE IN OPPOSITION TO USCO S.P.A.'S MOTION FOR
TEMPORARY ALLOWANCE OF CLAIM NO. 124 UNDER FED. R. BANKR. P. 3018(A)**
5521170 v3 (70716.00002.000)

PAGE 1

## II.
### BACKGROUND

2. On October 27, 2016 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), commencing the above captioned bankruptcy case. The Debtor continues to operate and to manage its business as a "debtor-in-possession" pursuant to §§ 1107 and 1108 of the Bankruptcy Code. On December 6, 2016, the Office of the United States Trustee appointed the Committee. On July 1, 2017 the Debtor filed its First Amended Chapter 11 Plan of Reorganization of ValuePart, Incorporated (the "**Plan**").

3. On January 23, 2017, USCO S.p.A's ("**USCO**") filed a proof of claim in the amount of $6,000,000 (Claim No. 124) (the "**Litigation Claim**") asserting damages resulting from Debtor's alleged infringement of United States Patent No. 6,412,267 (the "**Patent**"). USCO's patent infringement litigation is still ongoing in the United States District Court for the Western District of Tennessee (the "**Patent Case**"). The Debtor filed an objection to USCO's Litigation Claim (the "**Claim Objection**") [Docket No. 328] on March 9, 2017.

4. USCO filed its *Motion for Temporary Allowance of Claim No. 124 under Fed. R. Bankr. P. 3018(a)* (the "**Estimation Motion**") [Docket No. 619] on August 1, 2017, seeking to have its claim valued at $6,000,000 for purposes of voting to reject the Plan as an unsecured creditor. On August 3, 2017, USCO filed its *Motion to Expedite Hearing on Motion for Temporary Allowance of Claim No. 124 Under FED. R. BANKR. P. 3018(a) and to Shorten Time for Notice and Objections Thereto* [Docket No. 623], requesting the Court to expedite the hearing on the USCO Estimation Motion to August 21, 2017 and establish a response bar date of August 17, 2017.

5. Pursuant to the Debtor's *Amended Notice of Hearing on Confirmation of Chapter 11 Plan of Reorganization of ValuePart, Incorporated* [Docket No. 604], August 1, 2017 was the deadline to object to the Debtor's Plan. USCO did not object to the Plan, nor did any other party in interest.

## III.
### RESPONSE TO THE ESTIMATION MOTION

**A. LEGAL STANDARD**

6. Section 1126(a) of the Bankruptcy Code provides only "allowed" claims may vote to accept or reject a chapter 11 plan.[1] A timely filed proof of claim under Section 501 is deemed allowed unless an interested party objects.[2] When such an objection occurs, FED. R. BANKR. P. 3018(a) allows the court to "temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."[3]

7. Neither the Bankruptcy Code nor the Bankruptcy Rules provide precise guidance on a methodology to be used to estimate claims for voting purposes, but rather leave the determination to the court's discretion.[4] The claimant requesting temporary allowance of its claim under Rule 3018(a) bears the burden of presenting "sufficient evidence that it has a colorable claim capable of temporary evaluation."[5] Notwithstanding an objection to the claim, the Bankruptcy Court may consider evidence it finds appropriate to determine the amount of the claim that should be temporarily allowed for voting purposes only.[6] In analyzing the standards of claim estimation, the *Innovasystems* Court noted:

> An estimator of claims must take into account the *likelihood* that each party's version might or might not be accepted by a trier of fact. The estimated value of a claim is then the amount of the claim diminished by [the] probability that it may be sustainable only in part or not at

---

[1] 11 U.S.C. § 1126(a).

[2] 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest . . . objects.").

[3] FED. R. BANKR. P. 3018(a).

[4] *In re Quigley Co.*, 346 B.R. 647, 653 (Bankr. S.D.N.Y. 2006); *Armstrong v. Rushton (In re Armstrong)*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("The court has broad authority to determine whether to allow or disallow a claim for purposes of voting" under Bankruptcy Rule 3018(a)).

[5] *In re Armstrong*, 294 B.R. at 354.

[6] *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996).

> all . . . The court makes no definitive findings but rather assesses the possibilities of the various contentions and applies the appropriate discount . . . .[7]

Here, the Court should significantly discount USCO's Litigation Claim. As the Committee understands the present dispute, USCO would have to succeed on the merits by proving both that the Debtor infringed upon USCO's patents <u>and</u> that USCO sustained actual damages as a result thereof. Accordingly, this Court should very significantly discount USCO's asserted $6,000,000 Litigation Claim.[8]

### B. THE COMMITTEE IS CONCERNED THAT, AS A PRACTICAL MATTER, VALUING THE LITIGATION CLAIM AT $6,000,000 COULD NEGATIVELY IMPACT DEBTOR'S FUTURE SUCCESS AND THEREFORE UNSECURED CREDITORS' RECOVERY.

8. First, USCO did not object to the Plan. Second, valuing USCO's Litigation Claim at the full $6,000,000 does not appear to provide any benefit to USCO. To begin, as seen in Debtor's *Notice of Filing of Tabulation Report for Debtor's First Amended Plan of Reorganization Filed July 1, 2017 [Docket No. 557]* (the "**Tabulation**") [Docket No. 627],[9] estimating the value of USCO's Litigation Claim at $6,000,000 does not impact the fact that the general unsecured creditors, Class 5 of the Plan, voted 95% in number and 72% in dollar amount to accept the Plan—even while valuing USCO's Litigation Claim at the maximum $6,000,000 amount.[10] Thus, valuing USCO's Litigation Claim at $6,000,000 appears to have a meaningless impact on Debtor's Plan confirmation.

9. Assuming, for argument purposes, that the full amount of USCO's $6,000,000 Litigation Claim is somehow sufficient to prevent Class 5's acceptance of the Plan, the Plan is still

---

[7] *In re Innovasystems, Inc.*, No. 11-36228-ABA, 2014 WL 7235527, at * 7 (Bankr. D.N.J. Dec. 18, 2014).

[8] *See, e.g., Kane v. Johns-Manville Corp.*, 843 F.2d 636, 651 (2d Cir. 1988) (Miner, J., concurring) (finding that the estimation of unliquidated claims for voting purposes at $1.00 is appropriate due to the uncertain nature of both the liability and the damages); *In re Lloyd E. Mitchell, Inc.*, 373 B.R. 416, 427-28 (Bankr. D. Md. 2007) (holding that it is appropriate to temporarily value litigation claimants at $1.00 for voting purposes).

[9] Attached hereto as **Exhibit A**.

[10] *See* **Exhibit A**, at 15. *Compare with* 11 U.S.C. § 1126(d)(a plan is accepted when "***at least two-thirds*** in amount of the allowed interests of such class held by holders of such interests . . . that have accepted such plan").

confirmable under the unsecured creditor cramdown provisions of Section 1129(b)(2)(B). Further, even if USCO's $6,000,000 "no" vote successfully prevented Class 5's approval <u>and</u> the Debtor's attempt to cramdown Class 5 was unsuccessful, then the Committee adamantly believes that general unsecured creditors, including USCO, would be significantly damaged and would receive far less than under the Plan.

10. With the above said—the question becomes "what does USCO gain from demanding that its Litigation Claim be valued, solely for voting purposes, at the full $6,000,000 asserted in its proof of claim?" Given USCO is a competitor of the Debtor, the Committee is concerned that USCO's motivation may be very different than the remainder of Class 5 general unsecured creditors. Moreover, given the general unsecured creditors best opportunity to maximize its recovery is under the Plan, which is predicated upon the Reorganized Debtor's post-confirmation success, the Committee's concerns are magnified.

C. **THE COURT SHOULD ALLOW USCO'S CLAIMS IN THE AMOUNT OF $1.00 SOLELY FOR VOTING PURPOSES.**

11. In support of USCO's request to value its Litigation Claim at $6,000,000 (solely for voting purposes), USCO relies on the recent holding that USCO's Patent is valid by the United States Patent and Trademark Office's ("**USPTO**") Patent Trial and Appeal Board in its *ex parte reexamination* to support its Claim.[11] USCO, however, incorrectly confuses this holding as evidence that the Debtor is liable for patent infringement or even willful infringement to support its Estimation Motion. The USPTO's holding neither proves patent infringement nor willful infringement by the Debtor,[12] nor does it completely negate the Debtor's "invalidity" defense.[13]

---

[11] See Estimation Motion ¶ 10.

[12] *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S.Ct. 843, 849 (2014) (citing to *Agawam Co. v. Jordan*, 7 Wall. 583, 609 (1869)) (plaintiff bears the burden of proving infringement).

Significantly, the Committee understands that the Debtor's potential liability depends on USCO proving that one of the other defendants in the Patent Case is liable for patent infringement.[14]

12. Even assuming USCO prevails in establishing patent infringement or willful infringement, USCO must nevertheless also prove its damages.[15] Before filing its Claim, the Committee understands that USCO had never alleged the dollar value of its damages. Additionally, USCO's proof of claim did not include any supporting documentation to explain the value of its Litigation Claim. Under Rule 3018, Courts "should ensure that the voting power is commensurate with the creditor's economic interests in the case."[16] Courts assess the probabilities of success on the merits and discount the claim appropriately.[17] In similar circumstances, where a claim is uncertain in nature, courts have deemed it appropriate to temporarily value such claims in the amount of $1.00.[18]

13. Allowing USCO's claim to be valued at $1.00, solely for voting purposes, is consistent with the promotion of the reorganization process. This valuation will allow USCO to

---

[13] *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985) (An examiner's decision on an original or reissue application is "evidence the court must consider in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence," and that, upon reissue, the burden of proving invalidity was "made heavier.").

[14] *See* Order Granting Defendant ValuePart, Inc.'s Motion to Stay the Case, *USCO, Sp.A. v. ValuePart, Inc., et al.*, No. 2:14-CV-02590-JPM (W.D. Tenn. July 29, 2015), ECF No. 98. USCO alleges that the Debtor is liable for patent infringement because it purchased the infringing track assemblies from ACE Track Co., Ltd. *Id.* at 20-24. "USCO simply cannot escape the fact that in order to prevail against VPI, it must prove that Ace Track's manufacturing process is covered by '267 patent's claims." *Id.* at 24.

[15] 35 U.S.C. § 284. If USCO were to be successful in its Patent Case against Debtor, it will be entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs" and may be increased up to three times the amount found or assessed if the court determines the infringement to be willful. *Id.*

[16] *In re Quigley Co., Inc.*, 346 B.R. 19, 654 (Bankr. S.D.N.Y. 2008); *In re Adelphia Bus. Sols., Inc.*, 341 B.R. 415, 422-23 (Bankr. S.D.N.Y. 2003) (To estimate claims, courts will employ the method "best suited to the contingencies of the case.").

[17] *In re Innovasystems,* 2014 WL 7235527, at * 7.

[18] *See, e.g., Kane v. Johns-Manville Corp.*, 843 F.2d 636, 651 (2d Cir. 1988) (Miner, J., concurring) (finding that the estimation of unliquidated claims for voting purposes at $1.00 is appropriate due to the uncertain nature of both the liability and the damages); *In re Lloyd E. Mitchell, Inc.*, 373 B.R. 416, 427-28 (Bankr. D. Md. 2007) (holding that it is appropriate to temporarily value litigation claimants at $1.00 for voting purposes).

exercise its voting rights without negatively impacting the market place in which the reorganized Debtor will compete with, among others, USCO.  Accordingly, the Committee believes it is appropriate, and consistent with applicable case law, to value USCO's claims at $1.00 for voting purposes.

## IV.
### RELIEF REQUESTED

WHEREFORE, the Committee requests that the Court (i) deny USCO's Estimation Motion in its entirety, and (ii) allow USCO's claim in the amount of $1.00, solely for voting purposes.

Dated: August 17, 2017

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Joseph M. Coleman*
Joseph M. Coleman
State Bar No. 0456610
Vienna Flores
State Bar No. 24091225

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jcoleman@krcl.com; ecf@krcl.com

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 17, 2017, a true and correct copy of the foregoing *Response* was served electronically by the Court's PACER system.

*/s/ Joseph M. Coleman*
Joseph M. Coleman